**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| JOSE ESTRADA,<br>Plaintiff,<br>v.<br>SUN FAMILY PROPERTIES, LLC; RALPHS GROCERY COMPANY; and DOES 1–10,<br>Defendants. | Case № 2:17-cv-07869-ODW (FMMx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [17]; AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [19]** |

## I. INTRODUCTION

Jose Estrada brings the present action against Sun Family Properties, LLC, and Ralphs Grocery Company, for alleged violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh"). (Compl., ECF No. 1.) Estrada and Defendants now cross-move for summary judgment. (Defs.' Mot. Summ. J. ("DMSJ"), ECF No. 17.; Pl.'s Mot. Summ. J. ("PMSJ"), ECF No. 19.) For the reasons that follow, the Court **GRANTS** Defendants' Motion and **DENIES** Estrada's Motion as to the ADA claim, and **DISMISSES** Estrada's Unruh claim **WITHOUT PREJUDICE**.[1]

[1] After considering the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

The undisputed facts establish the following. Jose Estrada is a paraplegic who cannot walk and uses a wheelchair to get around. (Pl.'s Statement of Uncontroverted Facts ("PSUF") 1, ECF No. 19-2.) Sun Family Properties and Ralphs Grocery Company (collectively "Defendants") are the owners and/or operators of the Ralph's grocery store located at 1770 Carson Street, Torrance, California ("Store"), a place of public accommodation. (PSUF 2–4.) On September 6, 2017, Estrada visited the Store. (PSUF 5.) In the meat department, he found the bag dispenser too high for him to reach. (PSUF 7.) Mr. Evens Louis, Estrada's expert, visited the Store on September 19, 2017. (Decl. of Evens Louis ("Louis Decl.") ¶ 3, ECF No. 19-8.) Louis found that the bag dispenser in the meat department was located more than eighty-four inches above the floor. (Louis Decl. ¶ 4.) Louis also found that the ticket dispenser on the transaction counter of the deli department was located at fifty-seven inches above the floor. (Louis Decl. ¶ 5.)[2]

On October 27, 2017, Estrada initiated this lawsuit against Defendants alleging violations of the ADA and Unruh. (Compl.) In his Complaint, Estrada alleged two architectural barriers at the Store: (1) bags at the meat department located too high and (2) ticket dispenser at the deli counter located too high. (*See* Compl. ¶¶ 13, 19, 29, 31; Defs.' Statement of Uncontroverted Facts ("DSUF") 1, ECF No. 17-2.) Estrada contends the bag dispenser and ticket dispenser are subject to the ADA's reach range requirements and must be mounted no more than forty-eight inches above the floor. (PMSJ 6–7.) On or about October 23, 2018, Defendants installed a lower bag dispenser in the meat department and lower ticket dispenser in the deli department. (PSUF 18.)

---

[2] Estrada also submits the expert report of Janis Kent, who visited the Store on March 8, 2018. (Decl. of Janis Kent ("Kent Decl.") Ex. 8, ECF No. 19-11.) Defendants object to Ms. Kent's report in its entirety as inadmissible hearsay and also to the portions of her report that discuss architectural barriers outside the Complaint as irrelevant. (Defs.' Obj. to Evid. 1–2, ECF No. 21-2.) The Court does not consider Kent's report because (1) the only relevant alleged architectural barriers are those identified in the Complaint, *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011), and (2) it is undisputed that Defendants remedied these subsequent to Kent's report (PSUF 18; DSUF 2–3).

Bags in the meat department and tickets in the deli department are now located less than forty-eight inches above the floor. (DSUF 2–3.)

The parties have both moved for summary judgment as to all claims.

## III. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris,* 550 U.S. 372, 378 (2007). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though a court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). The court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element

essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that should set out "the material facts as to which the moving party contends there is no genuine dispute." C.D. Cal. L.R. 56-1. A party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. L.R. 56-2. "[T]he Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. L.R. 56-3.

## IV. DISCUSSION

Defendants move for summary judgment on the basis that the dispensers at issue are not governed by the ADA's reach range requirements and, even if they are, Defendants have lowered the dispensers, mooting Estrada's claim for injunctive relief. (DMSJ 3–7.) Estrada cross-moves for summary judgment on the basis that the alleged architectural barriers are governed by the ADA's reach range requirements, and although Defendants have lowered the dispensers to an ADA-compliant height, Estrada's claim for injunctive relief survives because he seeks a modification to Defendants' policy to maintain accessibility. (PMSJ 6–8.)[3]

### A. ADA Claim

"Title III of the ADA prohibits discrimination on the basis of disability in the 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.'" *Oliver v. Ralphs Grocery*

---

[3] Defendants object to Estrada's evidence submitted in support of his Motion primarily on relevance grounds. (*See generally* Defs.' Obj. to Evid.) To the extent that the Court discusses or relies on Estrada's evidence, Defendants' objections are overruled because the Court finds the evidence relevant. *See Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).

*Co.*, 654 F.3d 903, 904 (9th Cir. 2011) (quoting 42 U.S.C. §§ 2000a(b), 12182(a)). To establish a prima facie case for discrimination under Title III of the ADA, a plaintiff must show that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation"; and (3) the defendant denied public accommodation to the plaintiff because of her disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). For existing facilities that are places of public accommodation, "discrimination includes 'a failure to remove architectural barriers . . . where such removal is readily achievable.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (alteration in original) (quoting 42 U.S.C. § 12182(b)(1)(A)(i)). Newly constructed facilities must be "readily accessible to and usable by individuals with disabilities." *Id.* (quoting 42 U.S.C. § 12183(a)(1)).[4] The standards governing compliance with the ADA are set forth in the ADA Accessibility Guidelines ("ADAAG"), which is "essentially an encyclopedia of design standards." *Oliver*, 654 F.3d at 905. The ADAAG "lay[s] out the technical structural requirements of places of public accommodation." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1080–81 (9th Cir. 2004).

Defendants argue that the bag dispenser in the meat department and the ticket dispenser in the deli department fall within the ADAAG provision for "Self-Service Shelving," and are thus exempt from the ADA's reach range requirements. (DMSJ 3–5; *see* 1991 ADAAG § 4.1.3(12)(b) ("Requirements for accessible reach range do not apply" to "shelves or display units allowing self-service by customers."); 2010 ADAAG § 225.2.2 ("Self-service shelving shall not be required to comply with 308 [Reach Ranges]).)

In contrast, Estrada contends that the bag dispenser and ticket dispenser are governed by the ADAAG for "Controls and Operating Mechanisms," and thus subject to the ADA's reach range height requirements. (PMSJ 6; *see* 1991 ADAAG § 4.1.2(13)

---

[4] Neither Estrada nor Defendants establish whether the Store is an existing facility or new construction, but Estrada applies the legal standard for existing facilities in his Motion. (*See* PMSJ 5.)

("Controls and operating mechanisms in accessible spaces, along accessible routes, or as parts of accessible elements (for example, light switches and dispenser controls) shall comply with 4.27 [applying reach range height requirements]"); 2010 ADAAG § 308.3 (establishing a maximum high side reach of forty-eight inches).) Estrada argues that the bag and ticket dispensers were previously located above ADA-permitted height in violation of the ADA and Unruh, thus entitling him to injunctive relief and statutory damages. (PMSJ 8, 9.)

However, the Court need not reach the question of whether the bag dispenser and ticket dispenser are governed by the ADA's reach range requirements or are exempt. Estrada contends the dispensers must be no more than forty-eight inches above the floor to comply with the ADA and concedes that Defendants installed lower bag and ticket dispensers that comply. As these alleged architectural barriers provide the only basis for injunctive relief asserted in Estrada's Complaint, Estrada's ADA claim is moot.

**B. Mootness**

"Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). Plaintiffs "may obtain injunctive relief against public accommodations with architectural barriers, including 'an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'" *Molski*, 481 F.3d at 730 (citing 42 U.S.C. § 12188(a)(2)). Accordingly, "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver*, 654 F.3d at 905; *see also Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130–31 (C.D. Cal. 2005).

Estrada concedes that Defendants have lowered the bag and ticket dispensers to no more than forty-eight inches above the floor, as required under the ADAAG. (PMSJ 6–7; Pl.'s Resp. to DSUF 2–3, ECF No. 26.) Defendants affirm they will maintain the dispensers at the current height. (Decl. of Evette McKinney in Supp. of Defs.' Opp'n to PMSJ ¶ 5, ECF No. 21-5.) Accordingly, Estrada's claim for injunctive

relief under the ADA for architectural barriers is moot. *See Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1130 (E.D. Cal. 2002) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs*, 528 U.S. 167, 190 (2000)) (finding the defendants' remediation rendered the plaintiff's ADA claim moot).

Estrada contends his claim for injunctive relief survives because he also seeks a written policy modification from Defendants that they will maintain the dispensers at the current height. (PMSJ 7–8; Pl.'s Opp'n to DMSJ 6–8, ECF No. 25.) This argument is unavailing for several reasons. To begin, Estrada did not plead an ADA claim for a written policy or policy modification in his Complaint, nor did he plead facts supporting that Defendants had an existing policy to be modified. (*See* Compl. ¶¶ 10–25, 26–34.) The Ninth Circuit has directed courts addressing ADA claims on summary judgment to consider only issues raised in the Complaint so that defendants may receive fair notice of the claims they face. *See Oliver*, 654 F.3d at 909.

Further, where "the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court." *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir. 2006) (finding that the complaint "gave the [defendants] no notice of the specific factual allegations presented for the first time in [the plaintiff's] opposition to summary judgment."). "[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings." *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006). For these reasons, the Court declines to consider claims raised for the first time on summary judgment.

Finally, even were the Court to consider the merits of Estrada's request for the requested written policy, given Defendants' undisputed declaration that the dispensers will be maintained at the current height, the Court finds that injunctive relief is not required to ensure accessibility.

As Estrada's claim for injunctive relief under the ADA is moot, the Court **GRANTS** Defendants' Motion and **DENIES** Estrada's Motion as to the ADA claim.

**C. State Law Claim**

Both parties also move for summary judgment on Estrada's Unruh claim for statutory damages. (PMSJ 9; DMSJ 7–8.) In the alternative, Defendants contend the Court should decline to exercise supplemental jurisdiction over the state law claim. (DMSJ 8–13.)

A district court "'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice.").

Estrada's ADA claim provided the only basis for original jurisdiction. As Estrada's ADA claim has been fully adjudicated, the interests of comity and fairness lead the Court to decline to exercise supplemental jurisdiction over Estrada's related state law claim. *See Molski v. Kahn Winery*, 381 F. Supp. 2d 1209, 1211–12 (C.D. Cal. 2005) (discussing that "the principle of comity strongly favors dismissing the state law claims" and that allowing state law claims to remain absent federal claims would frustrate the goal of the ADA to quickly rectify structural barriers).

Accordingly, the Court declines to exercise supplemental jurisdiction over Estrada's state law claim and this claim is **DISMISSED** without prejudice.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment as to Plaintiff's ADA claim. (ECF Nos. 17, 19.) The Court **DECLINES** to exercise supplemental jurisdiction over the remaining state law claim and **DISMISSES** it **WITHOUT PREJUDICE**. The Court will issue Judgment.

**IT IS SO ORDERED.**

June 10, 2019

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**